IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD CAMP, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM FIRE & CASUALTY CO.,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 25-3384-KSM |

MEMORANDUM

**MARSTON, J.**                                                                                         September 11, 2025

      Plaintiffs Edward and Janet Camp bring this action against Defendant State Farm Fire and Casualty Company ("State Farm") to recover the full amount allegedly due under their homeowners' insurance policy for property damage caused by a storm in February 2025. (Doc. No. 1-1.) Plaintiffs bring claims for breach of contract (Count I) and statutory bad faith under 42 Pa. C.S.A. § 8371 (Count II.) (*Id.*) State Farm now moves to dismiss Plaintiffs' statutory bad faith claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 14.) Plaintiffs oppose the motion. (Doc. No. 15.) For the reasons below, the Court grants State Farm's motion.[1]

**I.    Factual Background & Procedural History**

      Accepting the allegations in the Complaint as true, the relevant facts are as follows.[2]

---

[1] The Court resolves this motion on the papers. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. Civ. R. 7.1(f) ("Any interested party may request oral argument on a motion. The court may dispose of a motion without oral argument.").

[2] "The District Court, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [i]s required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Plaintiffs maintain a homeowners' insurance policy issued by State Farm that provides certain coverage for their property at 22 Mohawk Drive, Richboro, PA.  (Doc. No. 1-1 ¶¶ 1, 3–4.)  On or around February 16, 2025, a storm damaged the roof, siding, custom gutter system, shed, and deck of Plaintiffs' property.  (*Id.* ¶ 5.)  Plaintiffs submitted a claim to State Farm seeking coverage for this property damage, which had an estimated repair cost of $46,166.54.  (*Id.* ¶ 8; *see id.* ¶¶ 7–8.)  State Farm denied the majority of Plaintiffs' claim on the basis that the damage fell under the "wear and tear" exclusion of Plaintiffs' policy and only approved "a minimal amount of $1,357.05 replacement cost value before deductible."  (*Id.* ¶¶ 6–7.)

Based on this denial, Plaintiffs bring a breach of contract claim (Count I) against State Farm, alleging that the damage to their property was "caused by [the] storm, not 'wear and tear', and [is] covered by the policy."  (*Id.* ¶ 9.)  Plaintiffs also bring a statutory bad faith claim under 42 Pa. C.S.A. § 8371 (Count II) because State Farm (1) "failed to properly investigate the claim presented by the Plaintiffs by improperly responding to Plaintiffs' requests to reopen the claim" and (2) "improperly refused coverage without reason and in the face of overwhelming evidence that it was a covered loss."  (*Id.* ¶¶ 12–13.)  More specifically, Plaintiffs allege that State Farm's bad faith was also evidenced by the following actions:

> a. Other roofs in the neighborhood were damaged by the same storm.  Other insurance companies, including State Farm, paid for the other properties but inexplicably failed to pay for the Plaintiffs' roof and related exterior damage.
>
> b. [State Farm] did not deny the Plaintiffs' [claim for their] roof until May 5, 2025.  This was after Plaintiffs' attorney got involved and sent a letter and related documents to [State Farm].
>
> c. Previously, Plaintiffs' public adjuster had presented the roof and other exterior to the [sic] damage to State Farm but received no response.  It was ignored.

(*Id.* ¶ 12.)

Plaintiffs filed this action in the Court of Common Pleas of Bucks County on May 20, 2025. (Doc. No. 1 at 4; Doc. No. 1-1.) State Farm timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1446(b). (Doc. No. 1.) State Farm filed its instant partial motion to dismiss on August 6, 2025. (Doc. No. 14.) Plaintiffs oppose the motion. (Doc. No. 15.)

## II.     Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). And a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009). Although the Court must accept as true the allegations in the complaint and all reasonable inferences therefrom, *Phillips*, 515 F.3d at 228, the Court is not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation," *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (internal quotation omitted).

**III.    Discussion**

Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, allows the court to award interest, punitive damages, court costs, and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." To succeed on a claim for bad faith, a plaintiff must show by clear and convincing evidence: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). "Actions constituting bad faith are not limited solely to a denial of coverage but may also include 'a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims.'" *Kirschner v. State Farm Fire & Cas. Co.*, No. 23-cv-993, 2023 WL 7167568, at *5 (E.D. Pa. Oct. 31, 2023) (quoting *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.*, 423 F. Supp. 3d 139, 154–55 (W.D. Pa. 2019)). "Bad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (quoting *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009)). Nor can "the failure to immediately accede to a demand for the policy limit . . . , without more, amount to bad faith." *Id.* at 137.

"Bad faith claims are fact specific and turn on the specific conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). As such, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* "A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Id.*

State Farm argues that dismissal of Plaintiffs' statutory bad faith claim is warranted because the claim is premised entirely on conclusory assertions that it improperly refused coverage and insufficiently investigated and communicated regarding Plaintiffs' insurance claim without supporting factual allegations as to "how the investigation and payment [were] deficient, and what misrepresentations were allegedly made, and how Defendant was unfair and unreasonable." (Doc. No. 14 at 13–16.) Plaintiffs counter that their Complaint contains detailed factual allegations of State Farm's bad faith, including that State Farm: (1) among other insurance companies, paid for other properties in Plaintiffs' neighborhood damaged by the storm but inexplicably failed to pay for Plaintiffs' property damage; (2) did not deny Plaintiffs' claim until after Plaintiffs' attorney became involved and sent a letter and related documents to State Farm; and (3) ignored proof of Plaintiffs' property damage sent by Plaintiffs' public adjuster prior to the denial. (Doc. No. 15 at 7–8; *see* Doc. No. 1-1 ¶ 12.)

The Court finds that these allegations do not adequately "describe who, what, where, when, and how the alleged bad faith conduct occurred." *Mattia v. Allstate Ins. Co.*, No. 14-cv-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (internal quotation omitted). The Complaint fails to allege when Plaintiffs submitted their claim to State Farm, the dates and content of any communications between the parties after the submission of Plaintiffs' claim, and the nature of the information provided to State Farm in conjunction with Plaintiffs' claim. *See, e.g.*, *Yauger v. Mid-Century Ins. Co.*, No. 23-cv-4075-KSM, 2024 WL 555883, at *3–4 (E.D. Pa. Feb. 12, 2024) (dismissing statutory bad faith claim based on allegations that (1) defendant never had plaintiffs examined by a physician after plaintiffs submitted documentation of their medical injuries and expenses and (2) defendant made a verbal offer to plaintiff knowing the amount offered was inadequate to cover plaintiff's recoverable expenses and without any explanation for

that amount as requested by plaintiff, after finding that these allegations "lacked the requisite specificity, such as the dates and content of follow up communications between the parties, and the nature of the information provided to [d]efendant for the purpose of processing the claim"); *Baxley v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-5512, 2021 WL 149256, at *3 (E.D. Pa. Jan. 15, 2021) (dismissing statutory bad faith claim because plaintiff "has not provided any explanation of how Defendant responded to her claim, or what facts, beyond its failure to pay her claim, indicate bad faith" and "[t]he fact that she provided Defendant with supporting documents regarding her claim does not alone indicate bad faith"); *Clapps v. State Farm Ins. Cos.*, 447 F. Supp. 3d 293, 300 (E.D. Pa. 2020) ("Plaintiff alleges that Defendant failed to complete a prompt and thorough investigation of Plaintiff's claim and failed to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim, but there are no facts alleged in the Complaint that relate to the alleged delay, such as the length of time that passed between the date when Plaintiff notified Defendant of her claims and the date that Defendant responded to them.") (cleaned up); *MBMJ Props., LLC v. Millville Mut. Ins. Co.*, No. 18-cv-5071, 2019 WL 1651667, at *6 (E.D. Pa. Apr. 17, 2019) ("[T]he Complaint is devoid of allegations as to (1) the timing of the alleged investigation in relation to when Plaintiffs submitted their claim, (2) the methods and procedures by which the investigation was conducted, and (3) the length of the investigation from start to finish.  As such, Plaintiffs' claim that Defendant's investigation of their insurance claim was not 'prompt' or 'thorough' lacks plausibility."); *Toner*, 262 F. Supp. 3d at 208–09 ("[A]lthough Plaintiff alleges that Defendant delayed the arbitration of his claim, he does not provide the date that he submitted the claim, nor does he include any communications sent to Defendant in an effort to recover on the claim."); *Pfister v. State Farm Fire & Cas. Co.*, No. 11-cv-799, 2011 WL 3651349, at *2 (W.D. Pa. Aug. 18, 2011) ("An insurer's failure to

communicate with an insured can constitute bad faith . . . [h]ere, however, Plaintiffs do not outline their efforts to seek explanation from State Farm. They have thus failed to assert what, where, when, and how the alleged bad faith conduct occurred.") (internal quotation and citations omitted); *cf. Kirschner*, 2023 WL 7167568, at *7 (denying motion to dismiss statutory bad faith claim where the complaint "provide[d] a specific explanation of how Defendant failed to properly investigate the claim and describe[d] specific communications from Defendant").

Without more specific allegations outlining how State Farm "failed to properly investigate the claim presented by Plaintiffs" and "improperly refused coverage without reason and in the face of overwhelming evidence that it was a covered loss," the Court cannot reasonably infer from the Complaint that State Farm lacked a reasonable basis for denying Plaintiffs' claim and knew or recklessly disregarded its lack of reasonable basis for denying Plaintiffs' claim. Accordingly, the Court finds that Plaintiffs have failed to plausibly state a statutory bad faith claim against State Farm.

**IV.   Conclusion**

For the foregoing reasons, the Court grants State Farm's motion to dismiss Plaintiffs' statutory bad faith claim (Count II). Such dismissal is without prejudice and with leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Counsel is advised that any amended complaint shall be consistent with this Memorandum and "must specifically include facts to address who, what, where, when, and how the alleged bad faith conduct occurred." *Shetayh v. State Farm Fire & Cas. Co.*, No. 20-cv-693, 2020 WL 1074709, at *3 (E.D. Pa. Mar. 6, 2020) (internal quotation and citations omitted). An appropriate Order follows.

7